UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STIRLINGS, LLC, ET AL | CIVIL ACTION |
| VERSUS | No. 18-5512 |
| DEBORAH ANN VINSON | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss the Entire Action from Federal Jurisdiction* **(Rec. Doc. 24)**, filed by Defendant-Appellant, Deborah Ann Vinson. Vinson's motion seeks to dismiss an adversarial proceeding for lack of subject matter jurisdiction.[1] Plaintiffs-Appellees, Stirlings, LLC and Kathleen Robinson (collectively, "Stirlings") filed an opposition (Rec. Doc. 25), to which Vinson replied. (Rec. Doc. 28). Considering the Motion, the record, and the law, the Court finds the Motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This adversarial proceeding arose out of a never-executed agreement between Vinson and Stirlings to sell a house at 2503 St. Charles Avenue, New Orleans, Louisiana 70130 (the "Property"). The underlying facts of the adversarial proceeding were summarized by the Bankruptcy Court:

> On May 20, 2016, Stirlings and Vinson executed a Louisiana Residential Agreement to Buy or Sell (purchase agreement) regarding the property. Vinson agreed to sell and Stirlings agreed to buy the property for the sum of $2,100,000. In conjunction with the purchase agreement, Stirlings paid Vinson a $105,000 deposit. The sale of the property was never consummated, and Stirlings filed suit in Louisiana state court seeking the return of the deposit. On November 17, 2016 Vinson filed a

---
[1] (Rec. Doc. 1-2 at 1-2).

petition for relief under Chapter 11 of the United States Bankruptcy Code. Stirlings and Robinson filed this adversary proceeding seeking the return of the deposit plus stipulated damages and attorney's fees . . . .[2]

On December 12 and 13, 2017, a trial was held before the Bankruptcy Court to determine who owned the $105,000 deposit. On May 22, 2018, the Bankruptcy Court concluded that Stirlings was entitled to the deposit.[3] Vinson filed a notice of appeal on May 31, 2018.[4] While the adversary proceeding was on appeal, on October 23, 2018, the Bankruptcy Court dismissed the main bankruptcy proceeding which had given rise to the Bankruptcy Court's jurisdiction over the adversarial proceeding.[5] In so doing, the Bankruptcy Court observed:

> [A]lthough the court is dismissing the main bankruptcy case, the court is specifically not dismissing the adversary proceeding . . . which is currently on appeal in the United States District Court for the Eastern District of Louisiana. First, this court does not have jurisdiction to dismiss an appeal pending in district court; second, pursuant to *In re Qurner*, 7 F.3d 1199 (5th Cir. 1993), the court finds that considerations of economy, convenience and fairness weigh against dismissal of the adversary. The matter has already been tried to judgment, and the appeal has already been briefed in the district court. Dismissing the adversary at this point would constitute a waste of judicial resources, and the parties' resources.[6]

Vinson filed the instant motion, arguing that the adversary proceeding should have been dismissed in its entirety along with the main bankruptcy proceeding. As a consequence of the Bankruptcy Court closing the Chapter 11, Vinson argues "that this Court lacks jurisdiction over this matter *in its entirety*."[7]

---

[2] (Rec. Doc. 1-2 at 2-3).
[3] (Rec. Doc. 1-2 at 14).
[4] (Rec. Doc. 1).
[5] *In re Deborah Ann Vinson*, No. 16-12818 (Bankr. E.D. La. Oct. 22, 2018) (ECF No. 182).
[6] *Id.*
[7] (Rec. Doc. 24-1 at 4).

2

# **DISCUSSION**

Bankruptcy courts and, indeed, all "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("They possess only that power authorized by Constitution and statute."). "Where a federal court rules in a matter over which it does not have jurisdiction, its decisions, opinions and orders are without effect." *Matter of Majestic Energy Corp.*, 835 F.2d 87, 89 (5th Cir. 1988). By statute, district courts "have original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334.

Vinson does not argue that this Court does not have jurisdiction over its appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of judgments entered by bankruptcy courts consistent with 28 U.S.C. § 157.[8] Nor does Vinson contend the Bankruptcy Court lacked jurisdiction when the adversary proceeding began.[9] Rather, Vinson argues that "now that the Bankruptcy Proceeding underlying the Adversary Proceeding has been dismissed, this Court no longer enjoys *any* exclusive nor original jurisdiction over the adversary proceeding and should utilize its discretion to dismiss the appeal."[10]

---

[8] In fact, Vinson asks in the alternative that this Court exercise its appellate jurisdiction and consider its appeal on the merits.
[9] (Rec. Doc. 24-1 at 9).
[10] (Rec. Doc. 24-1 at 9).

3

While this position is not without reason, it is contrary to law.[11] For it is undisputed that if the adversary proceeding were still before the Bankruptcy Court, and not yet appealed, then the closure of the main bankruptcy proceeding would not have made the dismissal of the adversary proceeding a matter of course. *Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993) ("[N]othing in the statute governing bankruptcy jurisdiction mandates automatic dismissal of related proceedings upon termination of the underlying bankruptcy case."). In fact, the "decision to retain jurisdiction over related proceedings rests within the sound discretion of the bankruptcy court." *Id.* Of course, that dismissal of related proceedings is not automatic does not mean jurisdiction should be retained—"as a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *Id.* An adversary proceeding should not be dismissed only if retaining the case in the federal system is warranted after consideration of four factors: economy, convenience, fairness, and comity. *Id.* at 1202. These are same four factors considered by federal district courts in deciding whether to retain jurisdiction over pendent state law claims after federal claims are dismissed. *Id.*

Given their origin, this Court is comfortable applying the factors to determine whether the adversary proceeding—now on appeal—should be dismissed.[12] Applying

---

[11] "It might make sense . . . to conclude that jurisdiction over the [adversary proceeding] ceased when the underlying bankruptcy case was dismissed. But Congress has not so defined bankruptcy jurisdiction." *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992).

[12] Vinson argues the Court should not even consider the factors because, unlike in *Matter of Querner*, the Bankruptcy Court did not elect to retain jurisdiction. This is true but without meaningful consequence. In *Matter of Querner*, the bankruptcy court closed the chapter 13 and then nearly a month later entered an order granting a motion to retain jurisdiction for a limited purpose. *Matter of Querner*, 7 F.3d at 1200. Here, there Bankruptcy Court conducted a two-day trial, then rendered a judgment; then Vinson appealed the judgment; *then* the chapter 11 was dismissed. Presumably, this

4

them, the Court concludes dismissal would be improper. First, it is much more economical that this case remain in federal court. *The bankruptcy court already conducted a two-day trial.* The matter is on appeal before this Court. The parties have filed their briefs. It would be a great waste of time and judicial resources to dismiss this case now. "[W]hen a case has proceeded through one court system and is almost finished with there, the interest in judicial economy argues powerfully for keeping the case in that court system to the end rather than starting from scratch in a different system." *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995) (J. Posner). Nor would it be convenient for the state court to repeat what has already been done below. Nor would it be fair. A result has been reached in the first instance—the Court agrees with Appellees that dismissing would "provide Vinson with the opportunity to secure a 'redo' of the trial in this matter and potentially secure an entirely different ruling."[13]  Finally, Vinson suggests that adopting the Bankruptcy Court's conclusion regarding jurisdiction would "further prohibit comity between the Bankruptcy Court and the District Court."[14] To borrow a phrase from the Fifth Circuit: "Such Cheek!" *Adam Joseph Resources v. CNA Metals Ltd.*, 17-20685, 2019 WL 1345409, at *9 (5th Cir. Mar. 26, 2019).

---

Court could remand to the Bankruptcy Court for it to determine whether it would elect to retain jurisdiction, but it's already made clear that it would not dismiss the proceeding. *Matter of Querner* is distinguishable but only because application of its factors compel an opposite result—in part because the case has proceeded into the appeal stage.
[13] (Rec. Doc. 25 at 11).
[14] (Rec. Doc. 24-1 at 8).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Dismiss the Entire Action from Federal Jurisdiction* **(Rec. Doc. 24)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of April, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE